TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
William Burdine

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Burdine,<br><br>               Plaintiff,<br><br>    vs.<br><br>First National Bank of Omaha,<br><br>              Defendant. | Case No.:  '17CV0078 AJB BLM<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE TELEPHONE CONSUMER PROTECTION ACT;**<br>  **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, William Burdine (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against First National Bank of Omaha (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2.      Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff is an adult individual residing in La Mesa, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5.      Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6.      Defendant is a business entity located in Omaha, Nebraska, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

2

7.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.     Upon information and belief, a financial obligation was allegedly incurred by Plaintiff's father, a person who is not a party to this lawsuit (hereafter "Debtor").

9.     Plaintiff is not the Debtor and has no responsibility for repayment of Debtor's debt.

10.     Debtor's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12.     At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 619-XXX-5035 (hereafter "Number").

13.     Defendant placed calls to Plaintiff's Number in an attempt to collect a debt.

COMPLAINT FOR DAMAGES

14.     The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

15.     Answering Defendant's calls, Plaintiff would hear a significant period of silence before the call terminated.

16.     In addition, Defendant left voice mails on Plaintiff's answering systems containing nothing more than silence.

17.     On or about September 7, 2016, Plaintiff spoke with Defendant and confirmed that Defendant was calling his Number in error and that it was attempting to reach Plaintiff's father.

18.     At no time prior to the calls did Plaintiff provide Defendant with his consent to receive automated calls.

19.     Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff to suffer a significant amount of anxiety, frustration and annoyance.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

20.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

4

COMPLAINT FOR DAMAGES

21. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

22. Defendant's telephone system has the earmark of using an ATDS in that Plaintiff, upon answering calls from Defendant, heard a significant period of silence and Defendant left blank voice mails on Plaintiff's answering system.

23. Defendant called Plaintiff's Number using an ATDS without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

24. Defendant continued to willfully call Plaintiff's Number using an ATDS s knowing that it lacked the requisite consent to do so in violation of the TCPA.

25. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

26. Defendant's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

27. Defendant's actions caused Plaintiff a significant amount of frustration, confusion and anxiety.

28. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

5

COMPLAINT FOR DAMAGES

29.     As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

30.     As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

31.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32.     The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

33.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

34.     Defendant communicated with Plaintiff with such frequency as to be unreasonable, constituting harassment, in violation of Cal. Civ. Code § 1788.11(e).

35.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

6

COMPLAINT FOR DAMAGES

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 13, 2017                    TRINETTE G. KENT

                                                    By:   */s/   Trinette G. Kent*
                                                    Trinette G. Kent, Esq.
                                                    Lemberg Law, LLC
                                                    Attorney for Plaintiff, William Burdine

COMPLAINT FOR DAMAGES